UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WYNDHAM PROPERTIES II, LTD. § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-00166-P |
| § | |
| BUCA TEXAS RESTAURANTS, L.P., § | |
| § | |
| Defendant. § | |

### SECOND AMENDED COMPLAINT

COMES NOW, Wyndham Properties II, Ltd., and files this Second Amended Complaint against Buca Texas Restaurants, L.P., in support of which Plaintiff would respectfully show the Court the following:

1.  This is a lawsuit under Chapter 24 of the Texas Property Code for forcible detainer of Plaintiff's premises located at 2701 E State Hwy 114, Southlake, TX 76092 (the "Premises"), as well as breach of contract.

### PARTIES

2.  Plaintiff is a Texas limited partnership.

3.  Defendant, Buca Texas Restaurants, L.P. is a Texas limited partnership.

### JURISDICTION

4.  Plaintiff contests federal jurisdiction and has filed a motion to remand.

### BACKGROUND FACTS

5.  Plaintiff and Defendant entered into a Net Lease Agreement (the "Lease") dated January 1, 2002 whereby Defendant leased the Premises from Plaintiff for a period of fifteen (15) years (plus options to extend the term) to operate a restaurant known as Buca di Beppo.

1

6. In 2016, the parties amended and reinstated the Lease following a default by Defendant in its rental obligations and a termination of the Lease by Plaintiff.

7. In 2018, the parties amended and reinstated the Lease a second time following another default by Defendant in its rental obligations and a second termination of the Lease by Plaintiff.

8. In 2019, the parties amended and reinstated the Lease a third time following another default by Defendant in its rental obligations and a third termination of the Lease by Plaintiff.

9. In October 2021, Defendant again defaulted under the Lease in two respects. First, Defendant failed to pay October 2021 rent by the first of the month. Per the terms of the Lease, as amended, Plaintiff was entitled to terminate the Lease without notice to Defendant, as Plaintiff had already given Defendant the maximum number of written notices for calendar year 2021. Plaintiff issued a notice of termination on October 6, 2021.

10. Defendant also defaulted under the Lease by failing to pay a required late fee. In September 2021, Defendant failed to pay its monthly rent by the first of the month. Per Section 6(b) of the Lease, any rental payment not paid within five days of the due date requires Defendant to pay Plaintiff a late charge in an amount equal to five percent (5%) of the monthly rental. On September 8, 2021, Plaintiff notified Defendant of its failure to pay the required late fee. Per the terms of the Lease, Defendant had thirty (30) days to cure such delinquency before same would become an event of default. Defendant failed to cure the delinquency within such thirty (30) day period. On October 18, 2021, Plaintiff issued a notice of termination of the Lease as a result of Defendant's default.

11. Pursuant to Section 24.005 of the Texas Property Code, on November 19, 2021,

Plaintiff sent written notice demanding that Defendant vacate the Premises.

## SUIT FOR POSSESSION

12. Per the terms of the Lease, as amended, Defendant was required to surrender possession of the Premises to Plaintiff on the date stated in the termination notices described above, which was ninety (90) days following termination of the Lease. To this date, however, Defendant has failed and refused and continues to fail and refuse to surrender possession of the Premises.

13. Defendant's failure to surrender possession of the Premises to Plaintiff is a breach of the contract between the parties. Such failure also constitutes a forcible detainer under Chapter 24 of the Texas Property Code.

14. Plaintiff requests a judgment from this Court establishing Plaintiff's right to possession of the Premises and ordering Defendant to immediately vacate the Premises.

## CLAIM FOR ATTORNEYS' FEES

15. Per the terms of the Lease, Plaintiff is entitled to recover attorneys' fees in a sum that is reasonable in relation to the amount of work expended. The undersigned attorney has been employed to assist Plaintiff in the prosecution of this action. Plaintiff requests a judgment from this Court for the reasonable and necessary attorney's fees incurred to prosecute this action against Defendant.

## CONDITIONS PRECEDENT

16. Pursuant to Rule 9(c) of the Federal Rules of Civil Procedure, all conditions precedent to Plaintiff's institution of this action have been performed or have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that following a trial on this action, Plaintiff have judgment against Defendant for possession of the Premises and an award of

attorneys' fees incurred to prosecute this action. Plaintiff prays for such other and further relief to which it may be lawfully entitled.

                Respectfully submitted,

                */s/ Nicholas S. Bettinger*
                Nicholas S. Bettinger
                State Bar No. 02268470
                nickb@mcdonaldlaw.com

                Russell Devenport
                State Bar No. 24007109
                rdevenport@mcdonaldlaw.com

                McDONALD SANDERS,
                A Professional Corporation

                777 Main Street, Suite 2700
                Fort Worth, Texas 76102
                (817) 336-8651
                (817) 334-0271 Fax

                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's ECF electronic filing system on March 28, 2022.

                */s/ Nicholas S. Bettinger*
                Nicholas S. Bettinger