## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **WYNDHAM PROPERTIES II, LTD.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00166-BP** |
| | § | |
| **BUCA TEXAS RESTAURANTS, LP,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Buca Texas Restaurants, LP ("Buca") removed this action from the Justice Court, Precinct 3, Tarrant County, Texas, on March 4, 2022. ECF No. 1. Plaintiff Wyndham Properties II, Ltd. ("Wyndham") filed a Motion to Remand on March 23. ECF No. 8. After considering the Motion, related pleadings, and applicable legal authorities, the Court **DENIES** Wyndham's Motion to Remand. ECF No. 8.

## I.      BACKGROUND

This is an eviction action arising from the parties' commercial lease in Southlake, Texas. ECF No. 1-1. Wyndham is a Texas limited partnership and represents that all its partners are Texas citizens. *Id.* at 3. Buca is a Texas limited partnership comprised of two entities, each a citizen of Minnesota and Florida. ECF No. 12 at 3. Wyndham sought to evict Buca from the commercial space at 2701 E. State Hwy. 114, Southlake, TX 76092 after Buca allegedly submitted its rental payments late. *Id.* at 2. Buca says Wyndham "manufactured a default" so it could "utilize the space for a different purpose." *Id.*

Citing diversity of citizenship, Buca removed this case in early March under 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1. The removal notice indicated the parties were of diverse citizenship and the amount in controversy well exceeded $75,000.00. *See id.* at 3. With respect to that notice, Wyndham contends Buca did not "affirmatively and distinctly" plead diversity of citizenship, "which is essential to this Court having subject matter jurisdiction over this case." ECF No. 8 at 1. Wyndham does not refute complete diversity exists per se, but rather insists that Buca "has not identified all of its general and limited partners" and that "[a]bsent such detailed information" the Court cannot exercise subject matter jurisdiction over the dispute. *Id.* at 2. The parties consented to proceed before the undersigned United States Magistrate Judge on April 14. ECF No. 15.

## II.    LEGAL STANDARDS

Parties removing a case to federal court must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendants or defendants in such action." 28 U.S.C. § 1446(a). Local Civil Rule 81.1 additionally requires:

(1) a completed civil cover sheet;
(2) a supplemental civil cover sheet; and
(3) if there is a 'related case,' as defined by LR 3.3.(b)(3) or (b)(4), a notice of related case that complied with LR 3.3(a); and
(4) a notice of removal with a copy of each of the following attached to both the original and the judge's copy—
(A) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;
(B) a copy of the docket sheet in the state court action;
(C) each document filed in the state court action, except discovery material (if filed on paper, each document must be individually tabbed and arranged in chronological order according to the state court file date; if filed by electronic means, each document must be filed as a separate attachment); and
(D) a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

L.C.R. 81.1(a).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Absent jurisdiction conferred by statute or the Constitution, federal district courts lack power to adjudicate claims and must dismiss actions where subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

## III.   ANALYSIS

Federal courts use a two-part inquiry to determine if diversity jurisdiction is present: (1) does the amount in controversy exceed $75,000, exclusive of interest and costs; and (2) are the parties of completely diverse citizenship? *See* 28 U.S.C. §§ 1331, 1332. Here, the parties do not dispute the amount in controversy exceeds the $75,000 threshold. This leaves only the complete diversity requirement: a requirement Wyndham does not seem to expressly negate. Rather than

arguing the parties are not diverse, Wyndham's Motion argues only that Buca "has not identified all of its general and limited partners" and thus has not carried its burden for establishing diversity jurisdiction. ECF No. 8 at 2. The Court disagrees.

Wyndham correctly observes that jurisdictional bases "must be alleged affirmatively and distinctly" and cannot be established "by mere inference." ECF No. 8 at 2 (quoting *Getty Oil Corp.*, 841 F.2d at 1259). That the grounds for jurisdiction must be pleaded "affirmatively and distinctly" causes no tension with 28 U.S.C. § 1446(a), which requires only a "short and plain statement of the grounds for removal." Considering these requirements, Buca's task is simple: communicate the grounds for this action's removal in a "short and plain statement" that articulates the basis for federal jurisdiction "affirmatively and distinctly." Buca satisfied this burden, with the basis for diversity jurisdiction writ large upon the face of its removal notice. *See* ECF No. 1-1. The removal notice identifies Wyndham's Texas citizenship and states that "Buca is a Texas limited partnership whose partners are Minnesota entities with their principal place of business in Florida. Buca is, therefore, a citizen of Minnesota and Florida for diversity purposes." ECF No. 1-1 at 3. Considering the clarity of this jurisdictional statement, Wyndham's assertion that "Defendant has not affirmatively and distinctly pled complete diversity of citizenship among the parties" is incorrect. *See* ECF No. 8 at 1.

Wyndham further errs by attempting to add evidentiary requirements to Buca's pleading standard. Citing no case law, Wyndham argues Buca must furnish "evidence establishing each [of its] partners' residence[s] for diversity purposes." ECF No. 8 at 2. But the pleadings standard for removals only requires a "short and plain statement," which Buca provided. *See* 28 U.S.C. § 1446(a); ECF No. 1-1. Buca need not attach additional evidence to meet its burden of stating jurisdiction "affirmatively and distinctly." *See Getty Oil Corp.*, 841 F.2d at 1259. To the extent

4

Wyndham presents any case law to support its assertion, it cites *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) for the proposition that federal courts "must presume a suit lies outside" their jurisdiction and that "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *See* ECF No. 8 at 2-3. *Howery* lends no credence to Wyndham's argument that Buca must furnish additional evidence of its partners' citizenship.

Requiring more at this stage would force Buca to "meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). The Supreme Court has patently rejected such attempts to heighten the pleadings standard for removal notices. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (noting that "[b]y design, § 1446(a) tracks the general pleading requirement stated in [Fed. R. Civ. P.] 8(a)" and observing that "Congress . . . intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading") (internal quotation marks and citations omitted). While a slightly less deferential standard may be applied where the amount in controversy is contested, even then the Court must accept the removal notice if the amount is pleaded "in good faith." *Id.* Applying the relaxed pleadings standard here, the Court must assume Buca is stating the truth with respect to its partners' citizenship. *Id.* Thus, the Court must decline Wyndham's invitation to arbitrarily increase the pleading standard applicable for Buca's removal notice.

## IV.    CONCLUSION

Buca provided a "short and plain statement" of its grounds for removal along with all additional requirements under 28 U.S.C. § 1446 and Local Civil Rule 81.1. *See* ECF No. 1. Its removal notice asserted the grounds for federal jurisdiction "affirmatively and distinctly," putting

the parties' diverse citizenship and the amount in controversy beyond dispute. Accordingly, the Court **DENIES** Wyndham's Motion to Remand. ECF No. 8.

It is so **ORDERED** April 20, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE