IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **WYNDHAM PROPERTIES II, LTD.,** § | |
| § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00166-BP |
| § | |
| **BUCA TEXAS RESTAURANTS, LP,** § | |
| § | |
| § | |
| **Defendant.** § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are the Plaintiff's Motion for Summary Judgment, Brief in Support, and Appendix in Support (ECF Nos. 21, 22, and 23); Defendant's Partial Motion for Summary Judgment, Brief in Support, and Appendix in Support (ECF Nos. 24, 25, and 26); Defendant's Response (ECF No. 27); Plaintiff's Response, Brief in Support, and Appendix in support (ECF Nos. 30, 31, and 32); Plaintiff's Reply (ECF No. 36); and Defendant's Reply (ECF No. 37). After considering the pleadings and applicable legal authorities, the undersigned **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 21) and Defendant's Partial Motion for Summary Judgment (ECF No. 24).

### I.    BACKGROUND

This case is a dispute over a commercial lease. Plaintiff Wyndham Properties II, Ltd. ("Wyndham") and Defendant Buca Texas Restaurants, L.P. ("Buca") entered into a Net Lease Agreement ("Lease") dated January 1, 2002 under which Buca leased the premises from Wyndham for a period of fifteen years (with options to extend the term) to operate a restaurant known as Buca di Beppo. ECF No. 11 at 1. In 2016, the parties amended and reinstated the lease following

Buca's default on its rental obligation and Wyndham's pending termination of the lease. *Id* at 2. This first amendment included, in part, a late fee penalty of five percent if Buca failed to pay any future rental payment within the first five days of the month. ECF No. 25 at 5. The operative provision reads:

> "(b) Fees for Late Payments. If any rental payments is not paid within five (5) days of the due date thereof, then in addition to the past due amount, Tenant shall pay to Landlord a late charge in an amount equal to five percent (5%) of the rental then due in order to compensate Landlord for its administrative and other overhead expenses.

ECF No. 26 at 94.

Two years later in 2018, again as a result of Buca's default on its rental obligation and Wyndham's pending termination of the lease, the parties agreed to amend the lease by signing the second amendment. ECF No. 25 at 5. This section reads:

> Section 18(a)(i) of the Lease is hereby amended and restated as follows:
> "In the event Tenant fails to pay the rent at the times and in the manner hereinabove provided and such failure shall continue for a period of ten (10) days after receipt by Tenant of written notice of such failure from Landlord; provided, however that Landlord shall not be required to provide more than two (2) written notices in any calendar year. After two notices are provided by Landlord in any calendar year, Landlord shall have no further obligation to provide Tenant notice of such failure and may exercise such rights and remedies provided by Section 18(b) of the lease;"

ECF No. 26 at 98.

The next year, in 2019, Wyndham filed a petition in state court to evict Buca for failure to pay its annual consumer price index adjustment. ECF No. 25 at 5. After a jury trial, but before the verdict was read, the parties settled and executed a third amendment to the lease, which is the subject of the instant case. *Id.* This third amendment, in part, attempts to define the circumstances

and process under which Wyndham can terminate the lease. *Id.* at 6. The third amendment reads in part:

> Section 18(a)(ii) of the Lease is hereby amended to restate the first sentence as follows:
> Tenant shall fail to comply with any term, provision, or covenant of this Lease, other than the payment of rent due to Landlord, (but including the use and/or signage restrictions set forth herein), the payment of property taxes, or the maintenance of the Letter of Credit, and shall not cure such failure within thirty (30) days after written notice thereof to Tenant (or such longer period as is reasonably required to cure such failure), provided that Tenant promptly commences to cure such failure following the receipt of such written notice and thereafter diligently prosecutes the same to completion.

ECF No. 26 at 103. There is now a dispute as to whether the conditions of the third amendment have been met, and Wyndham has filed this lawsuit under Chapter 24 of the Texas Property Code, seeking forcible detainer of its premises in Southlake, Texas as well as for breach of contract. ECF No. 11 at 1.

## II.   LEGAL STANDARDS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249–50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court must view summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242–43. The movant's motion for summary judgment will be granted only if he meets his burden and the nonmovant fails to make the requisite

showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

**III.   ANALYSIS**

Under Texas law, a forceable detainer action requires the following elements be met: (1) there is a landlord-tenant relationship; (2) tenant breaches the term of the lease and can be evicted because the tenant is a holdover tenant or tenant at will; (3) landlord made a proper demand for possession; (4) the period of time to vacate the property has expired; and (5) tenant has refused to surrender possession to the landlord. Tex. Prop. Code § 24.002; *see Shields L.P. v. Bradberry,* 526 S.W.3d 471, 478. (Tex. 2017).

There are genuine disputes of material fact as to elements two and three in this matter. The parties agree that rent was due on the first of the month and a late fee was required for any payment not paid within five dates of its due date. ECF No. 23 at 86. The parties also agree that in February 2021, Buca failed to pay rent and the required late fee until after receiving written notice from Wyndham. ECF No. 25 at 7. Wyndham's counsel sent a letter to Buca on February 5, 2021 alleging failure to pay timely rent for February (due on the 1st) and Buca paid on February 11, 2021. *Id.* Both parties agree that this letter constituted the first default notice under the third amendment provision. *Id.*

In September 2021, Buca again was late on its rent, paying Wyndham on September 7. ECF No. 26 at 144. Wyndham again sent notice to Buca of its duty to comply with the rent and late fee provisions. ECF No. 22 at 6-7. Wyndham alleges Buca breached its contract by defaulting on its rent obligations a second time, and then failing to cure this default with the required late fee payment. *Id.* Further, Wyndham asserts that this second letter served as the second notice required under Section 18a(ii) of the lease and allowed for it at the next default opportunity to terminate the

5

lease and take rightful possession of the property. ECF No. 22 at 7. According to Wyndham, the next default happened when Buca failed to pay the late fee within thirty days after notice was provided. ECF No. 22 at 3.

Buca acknowledges that it was late on its rent payment again in September, but argues that this notice was defective and could not be considered a second notice under the amendment because at the time it received the letter it had already paid rent. ECF No. 28 at 12. Buca also counters that Wyndham conflated the deadlines for rental payment and late fees. *Id.* Buca argues not only that it honored its contractual obligations even with late rent payments, but also that Wyndham's notice was thereby invalid and untimely pursuant to the third amendment provisions. *Id* at 13-14.

It is difficult for the Court to determine what the relevant third amendment provisions intend to require of each party in case of default. The language of the provisions is unclear, and even if there could be a reasonable interpretation from its undiscernible text, it seems plausible that more than one interpretation could be applied. Under Texas law, if a contract's meaning is uncertain and doubtful, or is reasonably susceptible to more than one meaning, it is ambiguous. *Coker v. Coker,* 650 S.W.2d at 393–94 (Tex.1983); *Texas v. Am. Tobacco Co.,* 463 F.3d 399, 407 (5th Cir. 2006).

The meaning of these amended provisions of the lease, clauses at the crux of this latest dispute between the parties, is uncertain. Accordingly, the amended provisions are ambiguous, "creating a fact issue as to the parties' intent." *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.,* 590 S.W.3d 471, 479 (Tex. 2019). There is a fact question as to breach, as well as to default and subsequent demand requirements for possession of the property. Resolution of these questions of

fact is for the jury to determine at trial, not for the Court to decide through consideration of the parties' cross-motions for summary judgment.

## IV.  CONCLUSION

Because the lease provisions related to default and notice are ambiguous, the Court finds that there are genuine disputes of material fact in this case such that a reasonable jury could return a verdict for the nonmoving parties. *Douglass*, 79 F.3d at 1429 (citing *Anderson*, 477 U.S. at 248). Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 21) and Defendant's Partial Motion for Summary Judgment (ECF No. 24).

It is so **ORDERED** on November 14, 2022.

                                                              _____
                                                              Hal R. Ray, Jr.
                                                              UNITED STATES MAGISTRATE JUDGE